# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD PIKE, ) <br> ) <br>         Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> J. BRAD HESTER et al., ) <br> ) <br>         Defendants. ) <br> ) | 3:12-cv-00283-RCJ-VPC <br><br> **ORDER** |

This case arises out of alleged defamation, illegal searches and seizures, and general harassment of an Elko County employee by several sheriff's deputies because of a private dispute between the employee and a sheriff's deputy. The Court denies the pending Motion to Reconsider (ECF No. 127). As the Court explained in detail in its last order, which order was issued just hours after the present motion was filed, the response to the motion at issue was untimely:

> Defendants assert, with no further explanation or argument, that the Court's perception of their failure to respond was based upon "a facially-erroneous clerical error regarding the due date for Defendants' opposition briefs." The Court's perception of a late response was correct. Plaintiff filed his motion on April 2, 2013, and the electronic docket noted a due date for responses as April 19, 2013, for a total of seventeen (17) days to respond. The Local Rules give a non-movant twenty-one (21) days to respond to a motion for summary judgment, however. *See* Local R. 7-2(e). So it is correct that the Clerk (more accurately, the automated CMECF system) made a clerical error. But it is equally clear that the error resulted in no prejudice. Although the response should have been due on Tuesday, April 23, 2013 instead of Friday, April 19, 2013, Defendants did not respond until April 26, 2013, and the

Court never approved any extension. It is a mystery why Defendants marked April 26, 2013 as the due date for a response to a motion filed on April 2, 2013. Twenty-four (24) days is a totally unfamiliar amount of days in any context, except for the uncommon case where there are twenty-one days to respond, the twenty-first day is a Saturday, and the following Monday is a court holiday, which circumstances are not present here. Other than to adamantly note that Local Rule 7-2(e) gives a party twenty-one (21) days to respond to a summary judgment motion and that Defendants had calendared April 26, 2013 as the due date for a response to the April 2, 2013 motion, Defendants do not explain how 2+21=26. The Court has scoured the record for any other circumstances making the response timely and has found none. Although the magistrate judge previously granted a stipulated amendment of the Scheduling Order extending the deadline for dispositive motions, neither the original Scheduling Order nor the amendment thereto indicates any variance from the Local Rules for responses and replies.

(Order 12–13, July 9, 2013, ECF No. 128).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 127) is DENIED.

IT IS SO ORDERED.

DATED this 30th day of July, 2013.

_____
ROBERT C. JONES
United States District Judge