# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RICHARD PIKE,

        Plaintiff,

vs.

J. BRAD HESTER et al.,

        Defendants.

3:12-cv-00283-RCJ-CBC

**ORDER**

This case arises out of alleged defamation, illegal searches and seizures, and other harassment of an Elko County employee by several deputy sheriffs based on a private dispute between the employee and a deputy. Plaintiff Richard Pike sued Elko County, the Elko County Sheriff's Office ("ECSO"), Brad Hester, Sean Munson, Rick Keema, and Jim Pitts in this Court on ten causes of action: (1) Fourth Amendment violations under 42 U.S.C. § 1983 (all Defendants); (2) Defamation (Hester); (3) False Imprisonment (Hester); (4) Intentional Infliction of Emotional Distress ("IIED") (Hester); (5) Conversion (Hester); (6) Invasion of Privacy (Hester and Munson); (7) Negligent Hiring (Pitts, ECSO, and the County); (8) Negligent Retention (Pitts, ECSO, and the County); (9) Negligent Supervision (Pitts, ECSO, and the County); and (10) Respondeat Superior (ECSO and the County).

The County and Hester jointly moved to dismiss the state law claims under Nevada's anti-SLAPP statute, and the Court denied the motion. Plaintiff asked the Court to rule that a state court's issuance of an extended order of protection ("EOP") against Hester barred precluded certain issues. The Court granted the motion in part. Defendants moved to preclude the admission of expert testimony by James Andre Boles. The Court granted the motion in part and denied it in part, precluding Boles's testimony as to the law of the First and Fourth Amendments but not precluding his testimony as to standards and practices of internal affairs investigations and his opinion as to the investigation in this case, subject to expert qualification at trial.

Plaintiff asked the Court to grant him offensive summary judgment on his IIED claim based on the EOP. The Court denied the motion. Plaintiff asked the Court to rule that the individual Defendants were not entitled to qualified immunity against the § 1983 claim. The Court granted the motion based on a failure to timely respond. Plaintiff asked for leave to amend to add four claims arising out of acts occurring after he filed suit. The Court granted the motion. Defendants asked the Court to bifurcate the trial as to the individual claims and the *Monell* claim against the County. The Court denied the motion.

Defendants appealed the grant of offensive summary judgment on the issue of qualified immunity. The Court of Appeals reversed, finding that the response filed later the same day as the Court's order granting the motion had been timely. While the qualified immunity issue was on appeal, the Court granted defensive summary judgment to the County and ECSO as to *Monell* liability but denied it to individual Defendants both on the merits and discretionary immunity. The Court granted Defendants' motion to strike the Amended Complaint, because the Court had

only permitted filing of a specific proposed version of that pleading, but Plaintiff had filed a materially different version. The operative version of the Complaint remains the original Complaint. The Court denied Defendants' motion for summary judgment against the defamation and IIED claims under the anti-SLAPP statute and the *Noerr-Pennington* doctrine. The Court denied a separate motion for summary judgment against the Fourth Amendment claim and a substantive due process claim. The Court again denied summary judgment against the IIED claim. The Court denied summary judgment against the conversion claim. The Court granted summary judgment against the false imprisonment claim but denied it on the invasion of privacy claim under a theory of intrusion upon the seclusion of another. As to the defamation claim, the Court found that the alleged defamatory statements were defamatory per se, were not subject to the affirmative defense of intra-corporate privilege as to statements made to Smith or Forsberg but might be as to statements made to Munson and Moore, and that because the alleged statements were on a matter of public concern but Plaintiff was a private plaintiff, Plaintiff would have to prove only negligence and falsity by a preponderance of the evidence to recover special damages but would have to prove malice by clear and convincing evidence to recover presumed or punitive damages. The Court granted summary judgment against the negligent hiring claim.

Upon remand of the interlocutory appeal, the Court denied qualified immunity on the merits as to Hester but granted it as to the other Defendants. The Court of Appeals affirmed. The remaining claims appear to be: (1) Unreasonable Search and Seizure under § 1983 (Hester); (2) Defamation (Hester); (3) IIED (Hester and the County); (4) Conversion (Hester); (5) Invasion of Privacy - Intrusion upon Seclusion (Hester); (6) Negligent Retention (Pitts and the County); and (7) Negligent Supervision (Pitts and the County). The parties appeared to agree at a recent

status conference that the County, not ESCO, is the proper Defendant as to any relevant claims, because ESCO is not a juridical entity separate from the County. Pitts and the County have asked the Court to hold the trial in Elko County and to draw the venire wholly therefrom. Plaintiff and Hester have filed separate notices of non-opposition. No party has objected. The Court therefore grants the motion. *See* 28 U.S.C. §§ 108, 1404(c).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Change Venue (ECF No. 166) is GRANTED.

IT IS SO ORDERED.

Dated this 24th day of September, 2018.

_____
ROBERT C. JONES
United States District Judge