# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| RICHARD PIKE,<br><br>        Plaintiff,<br><br>vs.<br><br>J. BRAD HESTER et al.,<br><br>        Defendants. | 3:12-cv-00283-RCJ-CBC<br><br>**ORDER** |

This case arises out of alleged defamation, illegal searches and seizures, and other harassment of an Elko County employee by a deputy sheriff. Pending before the Court are five motions in limine and two motions to strike.

**I.    PROCEDURAL HISTORY**

Plaintiff Richard Pike sued Elko County ("the County"), the Elko County Sheriff's Office ("ECSO"), Brad Hester, Sean Munson, Rick Keema, and Jim Pitts in this Court on ten causes of action. The remaining claims are: (1) Unreasonable Search and Seizure under § 1983 (Hester); (2) Defamation (Hester); (3) IIED (Hester and the County); (4) Conversion (Hester); (5) Invasion of Privacy - Intrusion upon Seclusion (Hester); (6) Negligent Retention (Pitts and the County);

and (7) Negligent Supervision (Pitts, Keema,[1] and the County). The parties have filed a total of five motions in limine, and Plaintiff has filed motions to strike one of Defendants' motions and a reply to his response to another of Defendants' motions.

## II. LEGAL STANDARDS

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." Black's Law Dictionary 1171 (10th ed. 2014). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c) (providing that trial should be conducted so as to "prevent inadmissible evidence from being suggested to the jury by any means")).

Judges have broad discretion when ruling on motions in limine. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice

---

[1] *See infra.*

may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are preliminary and therefore "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

### III. ANALYSIS

#### A. Motion No. 176

Plaintiff asks the Court to exclude the testimony of Brittany Hugill for failure to name her in discovery disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(i), (e)(1)(A). Plaintiff notes Defendants first disclosed Ms. Hugill in their list of witnesses in the pretrial order. Plaintiff has had no time to depose Ms. Hugill. The Court agrees that it would be inappropriate to permit Ms. Hugill to testify in Defendants' case-in-chief under the circumstances. *Wallace v. USAA Life Gen. Agency, Inc.*, 862 F. Supp. 2d 1062, 1064–67 (D. Nev. 2012) (Hicks, J.). But Defendants respond that Ms. Hugill will only potentially testify for the purposes of impeachment, and the Civil Rules do not require disclosure of such witnesses. That is correct. Fed. R. Civ. P. 26(a)(1)(A)(i). The

Court therefore grants the motion in part and denies it in part. Ms. Hugill may testify, but only for purposes of impeachment.

**B.     Motion No. 179**

Hester asks the Court to exclude evidence of internal investigations, letters of reprimand, documented verbal reprimands, and performance evaluations. He argues they are irrelevant, Fed. R. Evid. 401–402, and that their probative value is substantially outweighed by the danger of unfair prejudice, Fed. R. Evid. 403. He also argues that they may contain hearsay. Fed. R. Evid. 801–802. Before responding, Pike moved to strike the motion because it included confidential information (concerning Hester, not Plaintiff) in violation of the parties' stipulated agreement. The Court denies the motion to strike. At most, the Court would seal the motion and exhibits, but because any breach of confidentiality is detrimental only to Hester, who chose to file the motion publicly, the Court will simply deny the motion.

Hester first argues a letter of reprimand dated February 2, 2012 for wearing his uniform at a school while off duty is irrelevant, unduly prejudicial, and would constitute impermissible character evidence under Rule 404(b). (Pl's. Prop. Ex. 12). The incident concerned the alleged defamation of Plaintiff by Hester to Kim Smith. The reprimand is related to the defamation claim: "During the investigation it was determined that you had arrived at the Jackpot School in uniform and had made several derogatory remarks regarding the personal lives of the football coaches, in particular, Rick Pike . . . ." (Letter of Reprimand, ECF No. 179-1). The reprimand was not for merely wearing a uniform at an inappropriate time and place, as suggested in Hester's motion. It was for making defamatory comments while in uniform. As such, the reprimand is not impermissible "other acts"-type character evidence, and it is clearly relevant to

the defamation claim. The only question is whether it would be substantially more prejudicial than probative for a jury to receive evidence that Hester was reprimanded for the alleged defamation. The Court finds that it would not be. As the Court has ruled, in order to receive presumed or punitive damages on the defamation claim, Plaintiff must show malice on the part of Hester in this case. The fact that Hester was reprimanded for making the defamatory statements in uniform is relevant to his state of mind because it shows that his acts were an objective lapse of professional judgment. Moreover, the evidence is admissible as to the negligent retention and negligent supervision claims. The reports are relevant and not prejudicial at all as against Pitts's, Keema's, and the County's alleged failure to properly supervise or terminate Hester. The motion is denied in this regard.

Hester next argues a documented verbal reprimand for mis-scheduling Deputy Moore is irrelevant and would be unduly prejudicial. (Pl's. Prop. Ex. 13). The Court agrees as to Hester but will not exclude the evidence as to Pitts, Keema, or the County. Any evidence of previous discipline is relevant and not prejudicial as to the negligent retention and supervision claims. Hester will be entitled to a limiting instruction at trial.

Hester next argues that evidence of Internal Affairs Investigation #IA11-J001, pertaining to the alleged defamation of Plaintiff by Hester to Kim Smith should be excluded as irrelevant. (Pl's. Prop. Ex. 14). For the reasons already given, the motion is denied in this regard.

Hester next argues that evidence of Internal Affairs Investigation #IA11-1116, pertaining to his stalking and harassing Pike, including wrongfully searching his office should be excluded. (Pl's. Prop. Ex. 16). This evidence is plainly relevant, not more prejudicial than probative of the claims in the case, and not character evidence concerning unrelated acts. The investigation is

relevant to whether the actions were within the proper scope of Hester's duties.  The motion is denied in this regard.

Hester next argues that evidence of Internal Affairs Investigation #IA11-J002, pertaining to mis-scheduling Deputy Moore should be excluded. (Pl's. Prop. Ex. 15).  The Court agrees as to Hester but will not exclude the evidence as to Pitts, Keema, or the County.  Any evidence of previous discipline is relevant and not prejudicial as to the negligent retention and supervisions claims.  Hester will be entitled to a limiting instruction at trial.

Hester next argues that evidence within an unspecified internal affairs investigation appears to be hearsay. (Pl's. Prop. Ex. 17).  Specifically, there is a statement by "Marv" that also relates statements by others.  The Court agrees that the unsworn statement by "Marv," without more, is hearsay, and that any statements allegedly made by non-parties (but not by Hester himself) within Marv's statement are likely double hearsay.  The Court grants the motion in this regard.

Hester next argues that a performance self-evaluation authored by Hester in 1995 is not relevant to the case. (Pl's. Prop. Ex. 20).  The Court agrees as to Hester but will not exclude the evidence as to Pitts, Keema, or the County.  Evidence of previous performance is relevant and not prejudicial as to the negligent retention and supervisions claims.  Hester will be entitled to a limiting instruction at trial.

Finally, Hester argues that an October 2, 1993 letter of reprimand for failing to assist a stranded motorist should be excluded as irrelevant. (Pl's. Prop. Ex. 21).  The Court agrees as to Hester but will not exclude the evidence as to Pitts, Kema, or the County.  Any evidence of

previous discipline is relevant and not prejudicial as to the negligent retention and supervisions claims. Hester will be entitled to a limiting instruction at trial.

### C. Motion No. 183

Pitts and the County ask the Court to exclude any evidence in support of the claims for negligent supervision and negligent retention. Movants note that the Court previously granted in part a motion in limine, precluding James Andre Boles's proffered expert testimony as to the law of the First and Fourth Amendments but not precluding his testimony as to standards and practices of internal affairs investigations and his opinion as to the investigation in this case, subject to expert qualification at trial. Movants note that Plaintiff did not list Mr. Boles as a witness in a proposed joint final pretrial order, but Plaintiff's counsel made his intent to call Mr. Boles clear at a recent meeting. Movants argue that Mr. Boles's testimony should be excluded due to this oversight and Mr. Boles's lack of credibility (having been suspended from the Nevada and California State Bars), and that without his testimony, there is no case on the negligent supervision and retention claims.

The Court denies the motion. Mr. Boles was disclosed long ago, and Movants have had time to prepare for his testimony. The Court will not take the drastic step of excluding his testimony because of an oversight in a proposed joint final pretrial order under these circumstances. In any case, as Plaintiff notes, there has been no omission. The Court has given the parties until November 20 to file their witness lists, and Mr. Boles is on the witness list Plaintiff filed on October 25. Mr. Boles may testify, within the limitations previously indicated. Even if Mr. Boles's testimony were excluded, the Court would not consider what amounts to an untimely summary judgment motion on the relevant claims. Despite the damage such a ruling

might do to Plaintiff's case as to the relevant claims, Movants would have to file a motion under Rule 50 at the appropriate time. Finally, Mr. Boles's alleged lack of credibility has no bearing on the admissibility of his testimony. Movants may attack his credibility at trial via all appropriate methods. Plaintiff's motion to strike the reply is granted for failure to request leave to file it. *See* Local R. 16-3(a).

### D. Motion No. 184

Pitts and the County ask the Court to exclude evidence of medical records in support of Plaintiff's IIED claim absent expert medical testimony. The Nevada Supreme Court has adopted a sliding-scale-type rule under which "objectively verifiable evidence" other than medical evidence may suffice to show severe emotional distress where a defendant's conduct is more extreme. *Franchise Tax Bd. of Cal. v. Hyatt*, 335 P.3d 125, 148 (Nev. 2014). Moreover, the Court has not indicated that "medical evidence" in the context of the manifestation of emotional distress means evidence introduced by way of an expert medical witness. By "medical evidence," the Court appears to have simply been reiterating the longstanding rule that emotional distress must normally be shown by way of objective, physical manifestation in cases where there is no direct bodily harm. *See id.* at 147–48. The rule is that the more extreme the outrage, the less evidence is required of physical manifestation of distress. *See id.* at 148 (quoting *Nelson v. City of Las Vegas*, 665 P.2d 1141, 1145 (Nev. 1983)). In other words, where there is direct physical harm, emotional distress need not separately and distinctly manifest itself to be implied, but where there is no direct physical harm, the implication of emotional distress becomes more reasonable in proportion to the severity of the outrage. But the rule does not ever appear to have required that evidence of the physical manifestation of emotional distress be introduced by way

of an expert witness. Plaintiff may testify to his emotional states; he and other lay witnesses may testify as to any physical manifestations of distress; and the jury may assess the witnesses' credibility and weigh that evidence with the evidence of outrage. The Court denies the motion.

### E. Motion No. 185

Pitts and the County ask the Court to exclude evidence against Keema and Munson, no claims against whom remain. After reviewing the record, the Court finds that no claims remain against Munson, but the negligent supervision claim remains against Keema. As to Munson, although the Court has never formally dismissed the invasion of privacy claim against him, the Complaint includes no relevant allegations against Munson but only against Hester. (Compl. 14–15, 26). As to Keema, the Court only referred to Pitts and ESCO (the County) in its previous order denying summary judgment on the negligent supervision and retention claims, but Keema was named under the former claim with relevant allegations, (*id.* 17–18, 27), and the Court has never dismissed or summarily adjudicated the claim as to him. Accordingly, the motion is granted in part and denied in part. Munson is no longer a Defendant, but the negligent supervision claim remains against Keema (along with Pitts and the County).[2]

///

///

---

[2] At a recent status conference, the parties argued whether the County, ESCO, or both were proper parties. Only the County is a proper party. The law of the state determines whether ESCO can be sued in its own name in federal court. *Shaw v. State of Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 604 (9th Cir. 1986) (citing Fed. R. Civ. P. 17(b)). In Nevada, only a metropolitan police department formed under Chapter 280 of the Nevada Revised Statutes may sue or be sued in its own name. Nev. Rev. Stat. § 280.280(4). ESCO is not a metropolitan police department. Absent statutory authorization, ESCO, as a department of a municipal government, cannot sue or be sued in its own name. *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Strike (ECF No. 181) is DENIED, and the Motion to Strike (ECF No. 190) is GRANTED.

IT IS HEREBY ORDERED that the Motions in Limine (ECF Nos. 176, 179, 185) are GRANTED IN PART and DENIED IN PART, as delineated herein, and the Motions in Limine (ECF Nos. 183, 184) are DENIED.

IT IS SO ORDERED.

DATED: This 7th day of November, 2018.

_____
ROBERT C. JONES
United States District Judge